IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:17-cr-468-D (10) |
| | § | |
| FRANCISCO MORENO, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The United States Court of Appeals for the Fifth Circuit remanded this action to the Court to determine whether Defendant Francisco Moreno's untimely notice of appeal [Dkt. No. 199] was due to excusable neglect or good cause, *see* Dkt. No. 206.

United States District Judge Sidney A. Fitzwater referred this determination to the undersigned United States magistrate judge "for, as may be appropriate, disposition or findings and recommendation." Dkt. No. 207 (citing 28 U.S.C. § 636(b)(1)).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should determine that Defendant's untimely notice of appeal was due to excusable neglect.

**Applicable Background**

Moreno pleaded guilty to – and was adjudged guilty of – money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), and, on August 6, 2018, he was sentenced to 168 months of imprisonment. *See* Dkt. No. 192. As to his notice of appeal, filed by his court-appointed counsel on August 27, 2018, *see* Dkt. No. 199, the Fifth Circuit

observed in its order of remand,

> Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure requires that the notice of appeal by the defendant in a criminal case be filed within fourteen days of entry of the judgment or order from which appeal is taken. In this case, the district court entered final judgment on August 6, 2018. Therefore, the final day for filing a timely notice of appeal was August 20, 2018. The defendant's counsel filed a notice of appeal on August 27, 2018.
>
> Rule 4(b)(4) allows the district court to grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. This court customarily treats the filing of an untimely notice of appeal within the thirty-day period in a criminal case as a motion for a determination whether the defendant is entitled to an extension of time to appeal. *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam). Because the defendant's notice of appeal was filed within the thirty-day period, we remand the case to the district court for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. Upon making this determination the district court shall return the case to this court for appropriate action.

Dkt. No. 206.

## Legal Standards

Rule 4(b)(4)'s "good cause and excusable neglect standards have 'different domains.' They are not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii) (quoting *Lorenzen v. Employees Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990)); *see Price v. General Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Penn. 2006) ("Not only does [the Committee's Note] distinction comport with the express language of Rule 4 by defining good cause as something other than excusable negligent, but it also alleviates the lack of judicial interpretation of that term: A more structured and exacting analysis is appropriate where a party seeks protection from his own

negligence; where a litigant is the victim of unforeseeable circumstances, however, justice permits greater discretion."). In fact,

> [i]n 1998, Rule 4(b) was amended to permit courts to grant an extension of time upon a "finding of excusable neglect or good cause." First, the rule's 1998 amendment gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4(b). Second, paragraph (b)(4) was amended to require only a "finding" of excusable neglect or good cause and not a "showing" of them. Because the rule authorizes the court to provide an extension without a motion, a "showing" is obviously not required; a "finding" is sufficient.

*Krepps v. Gov't of the V.I.*, No. CRIM. A.1999/0047, 2009 WL 1117297, at *2 n.5 (D.V.I. Apr. 22, 2009) (quoting and citing FED. R. APP. P. 4 advisory committee's note, 1998 Amendments, Subdivision (b)).[1]

"The good cause standard" "is applicable 'in situations in which there is no fault – excusable or otherwise.' In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where 'the Postal Service fails to deliver a notice of appeal.'" *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013) (quoting FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

---

[1] *See also In re Heartland Steel, Inc.*, No. 1:03-CV-802-DFH, 2003 WL 23100035, at *3 n.1 (S.D. Ind. Dec. 16, 2003) ("Before 1979, [Federal Rule of Appellate Procedure 4(a)(5)] had allowed an extension if the appellant showed 'excusable neglect.' The rule was amended in 1979 to allow such extensions upon a showing of 'excusable neglect or good cause.' The 1979 Rules Advisory Committee Notes explain that the change 'expands to some extent the standard for the grant of an extension of time,' showing that excusable neglect should not be equated with 'good cause,' much less with the broader concept of 'cause.' In 1998, a similar amendment was made applicable to extensions in criminal cases under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.").

And a court's determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); internal quotation marks omitted); *see also Aguilar v. Thaler*, No. 3:12-cv-35-L-BK, 2013 WL 3356491, at *2 (N.D. Tex. July 2, 2013) ("Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. However, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" (citing *Pioneer*, 507 U.S. at 394-95; quoting *id.* at 392)).

"Although *Pioneer* addressed excusable neglect in the context of a bankruptcy proceeding," *United States v. James*, No. 03-CR-1048 (ILG), 2007 WL 3232219, at *3 (E.D.N.Y. Oct. 31, 2007), the Fifth Circuit, among other Courts of Appeals, has determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)," *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995); *see also United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (extending *Pioneer*'s standard for excusable neglect to Rule 4(b) after "recogniz[ing] that the term might not have the same meaning in different rules; but absent some specific reason to depart from

*Pioneer*, we should follow the Supreme Court's lead" (citations omitted)).

## Analysis

After the Court's referring the requested determination to the undersigned, an order was entered on September 18, 2018 observing that,

> [b]ecause Defendant's notice of appeal was filed by his appointed trial counsel, James L. Guinan, Esq., on August 27, 2018, *see* Dkt. No. 199 – more than 14 days after the Court entered judgment on August 6, 2018, *see* Dkt. No. 192; *see also* FED. R. APP. P. 4(b)(1)(A) – it is necessary to obtain a verified response from Mr. Guinan explaining to the Court the reason, if any, for the late-filed notice of appeal.
> Mr. Guinan must file his verified response by **October 2, 2018**.

Dkt. No. 208 at 4. A verified response was not filed by that date, necessitating that the undersigned enter a second order on October 16, 2018 –

> It is now two weeks past that deadline, and Mr. Guinan has yet to comply with the Court's order. This failure prevents the Court from making the determination required by the Fifth Circuit.
> To avoid the need to consider imposition of sanctions against Mr. Guinan and the need for the Court to possibly appoint counsel for Defendant and conduct an evidentiary hearing at which Mr. Guinan could be a witness, the Court again orders him to file the previously-requested verified response explaining to the Court the reason, if any, for the late-filed notice of appeal no later than **October 23, 2018**.

Dkt. No. 238 at 1-2. A verified response was not filed by that date.

But, on November 21, 2018, Mr. Guinan filed a verified motion to withdraw, which provides that Defendant – at some unspecified date – expressed to Mr. Guinan "a desire to appeal his sentence." Dkt. No. 256 at 1-2. And Mr. Guinan's affidavit in support of the motion states in applicable part –

> I was asked by the Defendant, Mr. Moreno to assist him in getting a court appointed attorney to handle his appeal. To assist him I filed a motion for new trial a notice of appeal. I was instructed to do this by the

-5-

court and then file a motion to draw after which they would appoint court-appointed counsel in my place to appeal this case....

*Id.* at 4-5 (no alteration to original). Contrary to Mr. Guinan's sworn testimony, no motion for new trial appears on the docket. And he fails to explain when he conferred with Defendant regarding an appeal or, relatedly, why the notice of appeal was not timely filed.

The Fifth Circuit, in finding "that *Pioneer* controls determinations of excusable neglect under Rule 4(b)," observed that

> [t]he change in our case law made by *Pioneer* is ... more subtle than dramatic. This Circuit recognized before *Pioneer* that, "under proper circumstances," Rule 4(b)'s excusable neglect provision encompasses "ignorance or neglect of counsel in filing late notices of appeal." *United States v. Lewis*, 522 F.2d 1367, 1369 (5th Cir. 1975). Nevertheless, *Pioneer* does allow somewhat more room for judgment in determining whether mistakes of law are excusable than does the strict standard for excusable neglect espoused by some of our prior decisions....
> To the extent, then, that our prior decisions strictly interpret excusable neglect in conflict with *Pioneer*, they are disapproved.

*Clark*, 51 F.3d at 44 (citation omitted).

But, in *Clark*, the Court of Appeals further cautioned that, under the applicable standard, it would not be an abuse of discretion for a district court to find no excusable neglect where a late notice of appeal was filed in "a garden variety criminal appeal," where "there was nothing complicated or novel about the procedural posture of the case, and noticing an appeal [ ] required nothing unusual or difficult." *Id.* (further noting that "[t]he applicable rules are, furthermore, unambiguous, and whatever confusion [the defendant's] counsel may have suffered because of these rules, we clearly cannot say that his confusion mandates a finding of excusable neglect as a

matter of law. Unlike *Pioneer*, there is simply no dramatic ambiguity in this case which would mandate such an extraordinary determination." (citations omitted)); *see also United States v. Mata-Gomez*, 244 F.3d 136 (table), 2000 WL 1901605, at *1 (5th Cir. Dec. 13, 2000) (per curiam) ("'[A] misconstruction of the rules – especially when their language is plain – will rarely satisfy the "excusable neglect" standard.' If 'the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable.'" (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998))).

On the other hand, the United States "Supreme Court has rejected the extreme interpretation of *Pioneer*, alluded to ... in *Clark*, that a litigant is in all circumstances held to their attorney's negligent failure to timely file a notice of appeal." *United States v. Clark*, 193 F.3d 845, 846 (5th Cir. 1999) (per curiam) (citing *Stutson v. United States*, 516 U.S. 193, 194 (1996) (per curiam) ("In *Pioneer*, we held that a party *could in some circumstances* rely on his attorney's inadvertent failure to file a proof of claim in a timely manner ... as 'excusable neglect' under the bankruptcy rules."); emphasis in *Clark*; footnote omitted). In the second *Clark* decision, for example, the defendant argued that "excusable neglect" was demonstrated by his court-appointed counsel's refusal to follow his instruction to file a notice of appeal, *see id.*, and the Fifth Circuit found that, "assuming Clark's allegations are true, [it was] faced with a clear case of ineffective assistance of counsel, which is sufficient to prove excusable neglect," *id.* at 847.

Relatedly, here, Mr. Guinan testifies that he filed the notice of appeal after

-7-

Defendant asked for his assistance with the appeal of his criminal judgment. And, as a general matter, an attorney's failure to notice an appeal after being instructed to do so violates a criminal defendant's Sixth Amendment right to effective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."); *see also Vinyard v. United States*, 804 F.3d 1218, 1228 (7th Cir. 2015) (cases in which a defendant instructs "counsel to appeal only to have counsel refuse or forget" "justify the presumption because defendants abandoned by their lawyers have 'suffered injury from that very fact – from the loss of advocacy services that could have been used to *establish* a non-frivolous issue for appeal'" (quoting *Betts v. Litscher*, 241 F.3d 594, 597 (7th Cir. 2001); emphasis in *Betts*)).

Thus, it may not be appropriate to tag Defendant with what appears to be his counsel's negligence, which, if the Court did, could effectively deny Defendant a direct appeal of his criminal judgment and may invite a motion under 28 U.S.C. § 2255.

And, given that the determination as to excusable neglect is ultimately "an equitable one," and because, here, "the danger of prejudice" to Defendant, as well as "the potential impact on" the appeal, is high; "the length of delay" is short; and – at least as to the notice of appeal – there is no evidence that either Defendant or Mr. Guinan failed to act "in good faith," *Stotter*, 508 F.3d at 820, the Court should determine that Defendant's untimely notice of appeal was due to excusable neglect.

## Recommendation

The Court should determine that Defendant Francisco Moreno's untimely notice of appeal was due to excusable neglect.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE