IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| V. | § | No. 3:17-cr-468-D (10) |
| | § | |
| FRANCISCO MORENO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE MOTION FOR WITHDRAWAL OF COUNSEL**

Defendant Francisco Moreno pleaded guilty to – and was adjudged guilty of – money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), and, on August 6, 2018, he was sentenced to 168 months of imprisonment. *See* Dkt. No. 192.

The Court appointed James L. Guinan to represent Mr. Moreno. *See* Dkt. No. 5.

After filing an untimely notice of appeal on behalf of Mr. Moreno, *see* Dkt. No. 199; *see also* Dkt. Nos. 206, 207, 208, & 238, Mr. Guinan has now filed a Motion to Withdraw as Attorney of Record, *see* Dkt. No. 256, in which he reports, in pertinent part, that

> [c]ontinued representation by counsel is impossible in that [Mr. Moreno] can no longer be found. Prior to Mr. Moreno disappearing he had stated a desire to appeal his sentence. Counsel filed a Motion for New Trial and a Notice of Appeal[.] Counsel was informed on Monday September 17, 2018, the day prior that Mr. Moreno was supposed to surrender himself to the U.S. Bureau of Prisons, he did not come home to his wife.

*Id.* at 1-2. Contrary to Mr. Guinan's representation otherwise, the docket does not reflect that a motion for new trial was filed.

Senior United States District Judge Sidney A. Fitzwater has referred this motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 257.

For the reasons and to the extent explained below, the Court DENIES the Motion to Withdraw as Attorney of Record [Dkt. No. 256] without prejudice to Mr. Guinan's re-urging the motion with the United States Court of Appeals for the Fifth Circuit.

**Legal Standards**

As a general matter, "[a]n attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.1989). The withdrawing attorney bears the burden of specifying and proving the existence of good cause for withdrawal. *See United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996); *Wynn*, 889 F.3d at 646). A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. *See Wild*, 92 F.3d at 307 ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel. .... The trial court has the discretion to require specific reasons before granting such a motion."). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (internal quotation marks omitted).

Unless there is a demonstrated conflict of interest, or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw. *See Wild*, 92 F.3d at 307. "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Id.* at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)). "This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citations omitted).

As to any appointment of substitute counsel, the Criminal Justice Act, 18 U.S.C. § 3006A (the "CJA"), requires the Court to appoint counsel to represent a defendant who is financially unable to obtain counsel but also requires the Court to make an appropriate inquiry into a defendant's financial status to determine whether the

defendant is entitled to appointed counsel. *See* Dkt. Nos. 12 & 13; *United States v. Mason*, 480 F. App'x 329, 335 (5th Cir. 2012). The burden rests with the defendant to establish insufficient financial means to employ counsel. *See United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989) (footnote omitted). The CJA provides, in relevant part, that, "[i]f at any stage of the proceedings ... the court finds that the [defendant] is financially unable to pay counsel whom he had retained, it may appoint counsel ... as the interests of justice may dictate." 18 U.S.C. § 3006A(c); *see also Foster*, 867 F.2d at 841 (explaining that the CJA "requires that a court appoint counsel to represent a defendant who has not waived his right to counsel and who is financially unable to obtain counsel").

**Analysis**

The Court first notes that, in response to the United States Court of Appeals for Fifth Circuit's remand to the Court to determine whether the untimeliness of Mr. Moreno's notice of appeal should be excused, the undersigned has separately entered findings of fact and conclusions of law recommending that the Court should determine that the untimely notice of appeal was due to excusable neglect. If both the Court and the Court of Appeals accept this recommendation, a timely appeal of Mr. Moreno's criminal judgment will then be pending in the Fifth Circuit.

Based on the representation in the motion to withdraw that Mr. Moreno has so far failed to report to the BOP to serve his sentence, his appeal – and Mr. Guinan's motion to withdraw – may implicate the fugitive disentitlement doctrine, which, in general "limits a criminal defendant's access to the judicial system whose authority he

evades" and may be "used by both district and appellate courts to enter judgment against a fugitive defendant or to dismiss the defendant's appeal." *Bagwell v. Dretke*, 376 F.3d 408, 410 (5th Cir. 2004) (footnote omitted). But that "doctrine is an equitable doctrine that a court exercises in its discretion." *Id.* at 413 (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 250 n.23 (1993)).

And, given the current posture of this proceeding, the discretion to apply that doctrine rests not with this Court but with the Fifth Circuit. *See, e.g., United States v. Smith*, 637 F. App'x 158, 159 (5th Cir. 2016) (per curiam) ("Smith failed to report to begin serving his sentence on January 2, 2015, and has not returned to custody since he became a fugitive. It is unlikely that Smith will return, under his own volition or otherwise, in the foreseeable future. Under the circumstances, dismissal of Smith's appeal is appropriate. Dismissal of the appeal is further supported by enforceability concerns, serves an important deterrent function, and 'advances an interest in efficient, dignified appellate practice.'" (citing *Ortega-Rodriguez*, 507 U.S. at 240-42; *Bagwell*, 376 F.3d at 410-13)).

Turning directly to the request to withdraw, the Court sees three unfavorable options: (1) denying the request, and forcing Mr. Guinan to continue to represent an apparently fugitive client; (2) granting the request, and appointing new counsel who would be completely unfamiliar with Mr. Moreno's case; and (3) granting the request, and leaving an apparently fugitive defendant to proceed *pro se* on appeal.

Should Mr. Moreno remain a fugitive, the last of these options may come to pass, at least effectively, should the Fifth Circuit permit Mr. Guinan to withdraw without

appointing substitute counsel or dismiss Mr. Moreno's appeal under the fugitive disentitlement doctrine. But, keeping in mind that "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel," *Broughten*, 634 F.2d at 882, it would be premature for the Court to effectively dismiss the direct criminal appeal by leaving Mr. Moreno without counsel. So, as to the two remaining options, it is the Court's view that the best of several undesirable choices is to order that Mr. Moreno's trial counsel, Mr. Guinan, continue to represent him – subject to, as discussed above, Mr. Guinan's re-urging his motion to withdraw with the Fifth Circuit.

**Conclusion**

For the reasons and to the extent explained above, the Court DENIES the Motion to Withdraw as Attorney of Record [Dkt. No. 256] without prejudice to Mr. Guinan's re-urging the motion with the United States Court of Appeals for the Fifth Circuit.

SO ORDERED.

DATED: November 30, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE